IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN R. T. C. GROUNDS, et al.,<br><br>　　　　Defendants. | No. C 12-2946 LHK (PR)<br><br>ORDER OF SERVICE;<br>ORDER DIRECTING<br>DEFENDANTS TO FILE<br>DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against prison officials at Correctional Training Facility - North ("CTF - North"), pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses two Defendants, and orders service upon the remaining two Defendants.

**DISCUSSION**

A.    <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law.  *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    <u>Legal Claims</u>

7      Plaintiff alleges that on April 1, 2012, Plaintiff was waiting on the first tier while
8  Correctional Officers R. Roque and S.A. Handley searched Plaintiff's cell, located on the third
9  tier.  When Roque and Handley were finished, Plaintiff returned to the third tier.  Roque directed
10 Plaintiff to place his hands on the wall and spread his feet apart.  Plaintiff complied, believing
11 that he was going to be searched again before re-entering his cell.  Instead, Plaintiff alleges that
12 Roque sexually assaulted him by pulling down Plaintiff's pants, and groping Plaintiff genitals
13 and anus.  Plaintiff claims that Roque threatened that if Plaintiff moved, Roque would throw
14 Plaintiff over the tier.  As Roque was molesting Plaintiff, Handley watched to ensure that
15 Plaintiff did not resist.  Liberally construed, Plaintiff has stated a cognizable claim of sexual
16 assault.

17     Plaintiff also names Warden Grounds, the Warden of CTF - North.  However, Plaintiff
18 does not allege any facts demonstrating that Warden Grounds violated Plaintiff's federal rights.
19 Instead, Plaintiff seems to claim that Warden Grounds is liable based on the conduct of his
20 subordinates.  There is, however, no respondeat superior liability under Section 1983 solely
21 because a defendant is responsible for the actions or omissions of another.  *See Taylor v. List*,
22 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor generally "is only liable for constitutional
23 violations of his subordinates if the supervisor participated in or directed the violations, or knew
24 of the violations and failed to act to prevent them."  *Id.*  A supervisor may also be held liable if
25 he or she implemented "a policy so deficient that the policy itself is a repudiation of
26 constitutional rights and is the moving force of the constitutional violation."  *Redman v. County*
27 *of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

28     Plaintiff's claim against Warden Grounds is therefore dismissed with leave to amend.

1  Plaintiff may file an amendment to the complaint within thirty days of the filing date of this order
2  that alleges supervisory liability, if he can do so, under the standards explained above.

3      Plaintiff also names Correctional Lieutenant M.K. McVay, to whom Plaintiff complained
4  about the assault. Plaintiff alleges that McVay stated to Plaintiff that "it's real easy to catch your
5  third strike in here," and suggested that McVay could and would testify under oath in order to
6  help get Plaintiff his third strike. Plaintiff claims that McVay then warned Plaintiff to "deal with
7  the bullshit and go home." McVay's actions are not sufficient to be construed as a claim of
8  sexual assault. Without more, Plaintiff has not stated a claim against McVay. *See Freeman v.*
9  *Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (noting that allegations of verbal harassment and
10 abuse fail to state a claim cognizable under 42 U.S.C. § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925
11 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that
12 naked threat was for purpose of denying access to courts compel contrary result). Accordingly,
13 Defendant McVay is dismissed.

14 **CONCLUSION**

15   For the foregoing reasons, the Court hereby orders as follows:

16   1.    Defendant Warden Grounds is DISMISSED with leave to amend. Defendant
17 McVay is DISMISSED.

18   2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
19 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
20 and all attachments thereto (docket no. 1), and a copy of this Order to **Correctional Officer R.**
21 **Roque** and **Correctional Officer S.A. Handley** at **Correctional Training Facility - North.**

22     The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this
23 Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of
24 this Order to Plaintiff.

25   3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
26 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
27 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
28 behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

1 the cost of such service unless good cause be shown for their failure to sign and return the waiver
2 form.  If service is waived, this action will proceed as if Defendants had been served on the date
3 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
4 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
5 was sent.  (This allows a longer time to respond than would be required if formal service of
6 summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
7 waiver form that more completely describes the duties of the parties with regard to waiver of
8 service of the summons.  If service is waived after the date provided in the Notice but before
9 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
10 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
11 filed, whichever is later.

12      4.      No later than **ninety (90) days** from the date of this order, Defendants shall file a
13 motion for summary judgment or other dispositive motion with respect to the cognizable claim
14 in the complaint.

15           a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
16 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
17 Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
18 F.3d 1108, 1119-20 (9th Cir. 2003).

19           b.      Any motion for summary judgment shall be supported by adequate factual
20 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
21 Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
22 **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
23 **that this case cannot be resolved by summary judgment, they shall so inform the Court**
24 **prior to the date the summary judgment motion is due.**

25      5.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and
26 served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
27 filed.    Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
28 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/3/12

_____
LUCY H. KOH
United States District Judge