IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID A. JONES, | ) | No. C 12-2946 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | ) ) | |
| R. ROQUE, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Correctional Officers R. Roque and S.A. Handley. Plaintiff alleges that they committed sexual assault against him. Defendants have moved to dismiss this action for failure to exhaust. Plaintiff has filed an opposition, and defendants have filed a reply. Plaintiff then filed a motion to amend his opposition, and a "motion to show cause and add to opposition." The court construes plaintiff's motions as motions to supplement his opposition. So construed, the motions are GRANTED. (Doc. Nos. 29, 30.) Having carefully considered the papers submitted, the court GRANTS defendants' motion to dismiss for the reasons set out below.

**BACKGROUND**

The following facts are viewed in the light most favorable to plaintiff. Plaintiff alleges that on April 1, 2012, plaintiff was waiting on the first tier while Correctional Officers R. Roque and S.A. Handley searched plaintiff's cell, which was located on the third tier. When Roque and Handley were finished, plaintiff returned to the third tier. Roque directed plaintiff to place his

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Jones946mtdexh.wpd

1  hands on the wall and spread his feet apart.  Plaintiff complied, believing that he was going to be
2  searched again before re-entering his cell.  Instead, plaintiff alleges that Roque sexually
3  assaulted him by pulling down plaintiff's pants, and groping plaintiff genitals and anus.  Plaintiff
4  claims that Roque threatened that if plaintiff moved, Roque would throw plaintiff over the tier.
5  As Roque was molesting plaintiff, Handley watched to ensure that plaintiff did not resist.

## DISCUSSION

I.   Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  *Id.* at 1120.

Failure to exhaust is an affirmative defense under the PLRA.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  *Id.* at 215-17.  As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process.  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative

appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 ("602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee ("Director's level"). Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion requirement under Section 1997e(a).

## II.     Analysis

Defendants argue that plaintiff failed to exhaust his claim. They proffer that between April 1, 2012, the date of the incident alleged, and June 24, 2012, the date plaintiff initiated this action, plaintiff had filed six administrative appeals. (Decl. Mullen at ¶ 8.) Three of these six appeals were rejected or screened out and the other three were denied at the Director's Level of Review after the filing of plaintiff's federal complaint. (*Id.*) Thus, argue defendants, none of those six appeals could have served to exhaust plaintiff's federal claim.

In response, plaintiff concedes that he did not exhaust this claim through the administrative appeal process, but argues that: (1) he attempted to utilize the appeals process but his attempt was ignored (doc. no. 25 at 1); (2) the prison staff frequently interfered with prison appeals (*id.* at 2; doc. no. 29 at 5); (3) plaintiff substantially complied with the rule of exhaustion (doc. no. 29 at 2). The court will address each argument in turn.

First, plaintiff asserts that because prison officials ignored plaintiff's attempt at exhausting his federal claim, the exhaustion requirement should be excused. In support of his assertion, plaintiff includes a copy of the grievance he submitted, dated April 18, 2012, concerning the sexual assault allegation. (Doc. No. 25, Ex. A.) Plaintiff inquired into the status of this grievance on May 1, 2012 by filling out a "request for interview" ("Form 22"). (Doc. No. 29, Ex. A1 at 9.) The response to plaintiff's Form 22 stated that a rejection notice to plaintiff's grievance was sent on April 26, 2012. (*Id.*) Rather than complete "Section C" of Form 22 to

G:\PRO-SE\LHK\CR.12\Jones946mtdexh.wpd                3

1  explain why plaintiff disagreed with the staff's response (*id.*), plaintiff instead apparently filled
2  out a new and separate Form 22 on May 10, 2012, asserting that the April 26, 2012 rejection
3  notice to which it referred was for a staff complaint against a different correctional officer and
4  concerned a different event (*id.* at 10).  Plaintiff claims that this second Form 22 went
5  unanswered.

6        Affirmative acts by prison officials that disrupt or prevent the exhaust of administrative
7  remedies may make those remedies effectively unavailable.  *Nunez v. Duncan*, 591 F.3d 1217,
8  1224-25 (9th Cir. 2010).  Plaintiff has not demonstrated that he "took reasonable and appropriate
9  steps to exhaust his . . . claim and was precluded from exhausting, not through his own fault but
10 by [a third party]." *Id.* at 1224.  Plaintiff must make an effort to exhaust his appeals through all
11 three levels of review before he files a complaint in federal court. *See Brown v. Valoff*, 422 F.3d
12 926, 934-35 (9th Cir. 2005); *Stutzman v. Wilson*, 2009 WL 2901634, at *3-4 (C.D. Cal. 2009)
13 (plaintiff must still pursue remaining levels of review even if his lower level grievances were
14 ignored or improperly rejected); *Davis v. Evans*, 2008 WL 818534, at *4 (N.D. Cal. 2008)
15 (inmate failed to exhaust because he did not submit higher level appeals after receiving no
16 response to his initial informal 602 appeal); *see also Roman v. Knowles*, 2011 WL 3741012
17 (S.D. Cal. 2011) (rejecting plaintiff's argument that he should be excused from exhaustion
18 because he submitted grievances but they were ignored, given that plaintiff successfully
19 exhausted grievances involving the same defendants around the same time period, which
20 demonstrated plaintiff's capability and willingness to follow through).

21       Here, the record demonstrates that instead of resubmitting an administrative appeal
22 regarding the sexual assault allegation, plaintiff filed two Form 22s, requesting interviews to find
23 out the status of his appeal.  This does not suffice to satisfy or excuse exhaustion. *See* 15 Cal.
24 Code Regs., tit. 15 § 3086(i) ("An inmate or parolee's documented use of a Request for
25 Interview, Item or Service form does not constitute exhaustion of administrative remedies").
26 *See, e.g.*, *Ngo v. Woodford*, 539 F.3d 1008, 1110 (9th Cir. 2008) ("Ngo hasn't shown that
27 administrative procedures were unavailable, that prison officials obstructed his attempt to
28 exhaust or that he was prevented from exhausting because procedures for processing grievances

weren't followed."); *Godoy v. Wadsworth*, No. CV 05-02913 NJV, 2010 WL 366640, at *6 (N.D. Cal. Jan. 26, 2010) ("The record is not sufficient to excuse exhaustion where plaintiff hasn't shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed."); *Stewart v. Evans*, No. 09-1527 JSW, 2010 WL 3734874, *6 (N.D. Cal. Sept. 23, 2010) ("Instead of resubmitting the appeal and supporting documents to the appeals coordinator at the first level of review as he had been advised to do, plaintiff sent an interview request to the Inmate Appeals Branch, which did not include the appeal itself. That is not sufficient to exhaust available administrative remedies."), *aff'd by* No. 10-17446, 274 Fed. Appx. 731 (9th Cir. April 24, 2012) (unpublished memorandum disposition).

Thus, plaintiff's efforts are not sufficient to demonstrate that plaintiff made a bona fide effort to obtain review of his grievances and took reasonable and appropriate steps to exhaust his claim, but was somehow precluded from doing so. *See Nunez*, 591 F.3d at 1224. Plaintiff has not declared when he submitted the ignored grievance or whether he mailed it or delivered it to the proper authority. In addition, there is no indication in the record that this was a case where prison officials received plaintiff's grievance and failed to respond to it. Finally, there is no evidence that plaintiff was the target of prison officials who made it impossible for him to satisfy the exhaustion requirement. Plaintiff's attempt at exhausting his administrative remedies are insufficient to excuse exhaustion. *See id.*

Next, plaintiff makes general allegations that the prison staff thwarted his attempts at exhaustion, however, those statements are vague and conclusory. Plaintiff's unsupported accusations do not provide the court with the requisite factual basis upon which to determine whether administrative remedies were effectively unavailable. *Cf. Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (recognizing that improper screening or rejection renders administrative remedies effectively unavailable). Even if plaintiff's evidence was sufficient to demonstrate that inmate grievances were frequently mishandled, as the court has stated above, plaintiff has not presented evidence that he attempted to properly exhaust the grievance at issue here, and was thwarted in such efforts by prison authorities. He has therefore failed to rebut defendants'

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Jones946mtdexh.wpd          5

showing of non-exhaustion.

Finally, plaintiff alleges that he substantially complied with exhaustion, which gave defendants notice of his claim, and therefore, exhaustion should be excused. For example, plaintiff alleges that he originally filed a letter about the underlying claim which initiated an investigation against defendants. (Doc. No. 25 at 3 and Ex. F.) However, the letter is not addressed to anyone; it is not apparent where the letter was sent, if anywhere; nor is it clear whether the letter actually reached any prison staff. Plaintiff also argues that because there was an internal investigation[1] regarding the sexual assault charge, plaintiff believed that any administrative appeal would have been futile, and the internal investigation should have sufficed to exhaust his claim. (Doc. No. 29 at 7.) However, plaintiff has not alleged that any remedy was available to plaintiff through that process. *See Panaro v. City of North Las Vegas*, 432 F.3d 949, 953 (9th Cir. 2005) (adopting the rule that "participating in an internal affairs investigation does not by itself satisfy the exhaustion requirement of the PLRA").

To the extent plaintiff claims that his letters to outside agencies should satisfy exhaustion (doc. no. 29 and Ex. F), that assertion has been previously foreclosed. *O'Guinn . Lovelock Correctional Center*, 502 F.3d 1056, 1063 (9th Cir. 2007) (filing grievance with an outside agency (e.g., the Department of Justice) that is authorized to investigate does not satisfy the exhaustion requirement if it does not terminate the inmate's rights to pursue his claims internally).

The court notes that administrative appeal CTF-12-1450 appears to exhaust his claim. (Decl. Lozano at ¶ 8c; Ex. D.) In that grievance, plaintiff requested further investigation into his sexual assault claim, after the Institutional Classification Committee determined on May 24, 2012 that plaintiff's allegations were unfounded. CTF-12-1450, submitted by plaintiff on August 16, 2012, was denied at the Director's Level of Review on October 29, 2012. (*Id.*) The court notes that in this grievance, one of plaintiff's requested actions was for the grievance to

---

[1] On May 24, 2012, the Institutional Classification Committee concluded an investigation into Plaintiff's sexual assault allegation and determined that Plaintiff's accusations were false. (Doc. No. 29, Ex. E.)

1  exhaust his administrative remedies.  (Decl. Lozano, Ex. D at 3.)  Plaintiff filed the instant
2  federal action on June 6, 2012.  It thus appears that plaintiff knew he had not exhausted his
3  administrative remedies at the time he commenced this federal action.
4         An action must be dismissed unless the prisoner exhausted his available administrative
5  remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.
6  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d
7  1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner
8  sends his complaint to the court it will be dismissed even if exhaustion is completed by the time
9  the complaint is actually filed).  Because plaintiff did not exhaust his federal claim prior to filing
10 suit in this action, his claim is unexhausted.

## CONCLUSION

12        For the foregoing reasons, defendants' motion to dismiss is GRANTED.  This action is
13 DISMISSED without prejudice.  Judgment shall be entered in favor of defendants.  The clerk
14 shall terminate all pending motions and close the file.
15        IT IS SO ORDERED.
16 DATED: 8/14/13

                                            *Lucy H. Koh*
17                             LUCY H. KOH
                            United States District Judge